[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion to dismiss CT Page 5554 the action as to the appellant, Samuel E. Hill. The thrust of the movant is that the court lacks subject matter jurisdiction. The appellant's motion for judgment was also argued and the court will also address and dispose of that motion in the memorandum.
The primary issue raised by the movant is: Where an intervenor, pursuant to Connecticut General Statutes, Sec. 22a-19, intervenes at the trial court level and the underlying action in which the intervenor intervened is subsequently dismissed by the trial court because of lack of standing, must the intervenors action also be dismissed?
Connecticut General Statutes, Sec. 22a-19 provides in part:
 In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
Preliminarily, it should be noted that a party does not lack standing to appeal under section 22a-19(a) because intervention does not occur at the administrative level. In Red Hill Coalition, Inc. v. ConservationCommission, 212 Conn. 710, 716 (1989), the court said, "[section] 22a-19
(a) allows any person to intervene to raise environmental issues in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action." The court went on to indicate that a party can satisfy section 22a-19 (a) by joining an appeal at the Superior Court level and is not statutorily required to file a note of intervention before a commission.
In a somewhat related family matter, a motion to intervene was denied by the trial court. Manter v. Manter, 185 Conn. 502. The intervention was sought pursuant to Connecticut General Statutes, Sec. 46b-57 which permits intervention in any custody proceeding before the Superior Court. In agreeing with the trial court that the prospective third party intervenor's motion was barred by the absence of a controversy, the court in Manter stated, "[i]ntervention is `a device which enables one who was not originally a party to an action to become such a party on his own initiative.' James Hazard, Civil Procedure (2d Ed.) Section 10-19, p. 511. The intervenor's posture is derivative he assumes his role only by virtue of an action CT Page 5555 already shaped by the original parties. He must, therefore, take his own controversy as he finds it and may not use his own claims to restyle or resuscitate their action." Id., 506.
This court recognizes two possible problems which associates theManter matter with the present case. First, it is a family case and not an administrative appeal. Second, the intervenor in Manter
had not attempted to intervene until thirteen (13) months after the decree had been modified to deny the defendant visitation rights. The court apparently decided that the intervenor could not use his own claims to "restyle or resuscitate" the action, and that no controversy existed at the time the motion was filed. The value ofManter, however, lies in its discussion of the intervenor's postural role. In both Secs. 46b-57 and 22a-19, the intervenors in Manter
and in this case enjoy a statutory right to intervene. Although their rights are not derivative, their posture is derivative.
Finally, the plain language of the statute, which in part states, "[i]n any administrative . . . and in any judicial review . . . any person . . . may intervene," indicates to the court that any person can intervene in a pending action. Currently, there is no administrative or judicial review pending in which to intervene.
Accordingly, the motion to dismiss is granted and the motion for judgment is denied.
Mihalakos, J.